*540
Curia, per

Evans, J.
There are several questions presented by the brief in this case, but as the decision depends on the fourth ground for a non-suit, none of the other questions will be considered. That ground is in the following words, to wit, “ admitting that the plaintiff had adverse possession for twenty-nine years, thirteen years of this time the proprietors of the ser-vient tenement were infants, against whom an adverse possession could not grow into a right.” The facts of the case, necessary to be stated in order to understand this ground, are these. In 1817, the ditch, which was the subject of controversy, was dug by Lamb through Cosnahan’s land, by his permission or consent, for the purpose of draining some ponds on the land of Lamb. The ditch has been kept open ever since, until obstructed by the defendant, who now owns the land. In 1820, Cosnahan died, leaving a widow and infant children his heirs at law, one of whom was not of age until 1841. In 1833, the land was sold, under a decree of the Court of Equity, for partition, and purchased by one E. Cosnahan, from whom, by several intermediate conveyances, the defendant derives his title. The question arising on these facts is, whether the plaintiff, who is the owner of Lamb’s land, to drain which the ditch was dug, has acquired, by the use thereof, a right of drainage against the owner of the land. There is no doubt that, according to our law, as declared in a great many cases, the adverse use of an easement for twenty years will confer a right to the use of it, as fully as if a deed for it were produced and proved. In the ordinary transactions of mankind, we find that men are not disposed to allow others to exercise dominion over their property. When, therefore, we find that such dominion has been exercised for a long period, without objection on the part of the owner, it is reasonable to conclude that such use began in right, or it would have been objected to. This title is founded on the presumption of a grant, which time or accident has destroyed. But this is perhaps a legal fiction, which the law resorts to, to support ancient possessions, and to maintain what the acts of the parties shew they considered to exist.
*541 There can be no doubt that, if Cosnahan had lived for twenty-years after the use of the ditch commenced, and Lamb had used it adversely, as the jury have found, the right would have been perfect; and I suppose it equally clear, that if the time before Cosnahan’s death, added to the time which elapsed after the sale in 1833, together, made the full period of twenty years, the right would be beyond dispute. For in both cases there would be an adverse use, and an acquiescence by those laboring under no disability, for the full period that the law requires to support the presumption of a grant.
In this case these two periods of time amount to only 17 years, and unless the presumption can arise against the infants, the twenty years is incomplete.
In McPherson on Infants, it is said, (p. 538,) “ It is a maxim of law, that laches is not to be imputed to an infant, because he is not supposed to be cognizant of his rights, or capable of enforcing them.” In Bacon’s Abridg. Title, Infant. G. (5 vol. 110) last edition, it is said: “ The rights of infants are much favored in law, and regularly their laches shall not prejudice them, upon the presumption that they understand not their rights, and that they are not capable of taking notice of the rules of law so as to apply them to their advantage.” The same doctrine is to be found in all the elementary writers from Coke to the present time. The presumption arises from the acquiescence of the parties interested to dispute it, and it would be difficult to assign a reason for drawing any conclusion from the acquiescence of an infant, who is supposed in law not to be cognizant of his rights, or capable of enforcing them. Accordingly we find, that in all the cases which have been decided, so far as I know, no presumption has been allowed against the rights of an infant, whether the question related to the satisfaction of bonds for the payment of money, or the performance of other acts, or to rights growing out of what Best calls a non-existing grant.* In Boyd vs. Keels, decided in 1830, it was held that no presumption could arise that the condition of a bond of an administrator had been *542 performed, because the distributee, to whom he was to account and pay over the money, was an infant. The same was affirmed in the case of Brown vs. McCall, (3 Hill 335.) In Gray vs. Givens, (2 Hill Ch. R. 514.) Judge Harper says, “ I think it has not been questioned, that the time during which the party to be affected has been under disability, must be deducted in computing the lapse of time, in analogy to the statute of limitations. Such was the case in Riddlehoover vs. Kinard, (1 Hill, Ch. R. 375.) If the possession were taken in early infancy, the title might be matured before the infant arrived at age, and before the statute of limitations had begun to run against him. The decisions have been numerous, and the practice habitual, and I am not aware of any doctrine or decision to the contrary.” We have no case involving the right to an easement, in which the question involved in this case has been decided by this Court. In Watt vs. Trapp, (2 Rich. 136,) Judge O’Neall, on the Circuit, expressed the opinion to the jury, that the presumption of a grant to a way would be arrested by infancy. But that point was not necessarily involved in the case, and this Court declined to express any Opinion, as, according to my recollection, it was not argued. In other States the question has been decided. In the case of Watkins vs. Peck, (13 New Hamp. R. 360,) it was held, that a grant cannot be presumed from the use and enjoyment of an easement for the term of 20 years, when the party, who must have made the grant if it existed, was an infant at the time of making it. This does not come up fully to the case under consideration, because in this case the grant, if any, must have been made coeval with the use, and that was in the lifetime of Cosnahan, who was adult. But that can make no difference, unless we apply the rule, which has been adopted in relation to some of the clauses of the statute of limitations, viz. that where the statute begins to run, it will not be arrested by any intervening disability. But this has not been contended for, and there is no semblance of authority to support it. This construction arises on a positive enactment, that the action must be within four years from the time the right of action accrued; *543 whereas presumptions arise from the assertion of the right, and the acquiescence in it, during the whole period of twenty years, and how can it be said that the infants have acquiesced, when they were incapable of asserting their rights ?
But the case of Melvin vs. Whiting, (13 Pick. R,. 190,) was a case of intervening infancy. The plaintiff claimed a title to a several fishery, on the defendant’s soil, and relied, to support his title, on proof of an adverse, uninterrupted, and exclusive use and enjoyment for twenty years. The jury were instructed by the Chief Justice that, to raise such a presumption of conveyance, it must appear that such exclusive right had been used and enjoyed against those who were able in law to assert and enforce their rights, and to resist such adverse claim, if not well founded; and, therefore, if the persons against whom such adverse right is claimed, were under the disability of infancy, the time during which such disability continued, was to be deducted in the computation. of the twenty years ; and this construction was supported by the Court of Appeals. The only dictum which I have found to the contrary, is contained in the opinion of Judge Story, in the case of Tyler vs. Wilkinson, (4 Mason, 402.) The action involved the priority of right to use the water in Pawtucket river, and in no way involved the question of the rights of infants. The question which he was discussing was, whether the presumption from adverse use was a presumptio juris et de jure, a question of law to be decided by the Court, or a fact to be determined by the jury. In support of his argument, that it is a presumptio juris, he says.the right by presumption of a grant is not affected by the intervention of personal disabilities, such as infancy, coverture, and insanity. This dictum is noticed and disregarded in the New Hampshire case above referred to, and I may be permitted to say, without any disrespect to that great and learned Judge, that he did not bear in mind the distinction between a right claimed by prescription, and a presumption of right from a non-existing grant. The former requires a use beyond legal memory, the latter may arise within twenty years. Best on Presump. § 88; 3 Stark. Ev. 911,3d ed.; 2 Ev. Poth. 139.
*544 We are of opinion, that the period of time during which the. infant heirs of Cosnahan were the owners of the servient tenement, is not to be computed as a part of the twenty years adverse use necessary to vest the easement in the plaintiff, and upon this ground the plaintiff should have been nonsuited on. the Circuit. It is therefore ordered that the verdict be set aside, and the defendant have leave to enter up a judgment of non-suit.
O’Neall and Frost, JJ., concurred.

Motion granted.

 Best on Presump. p. 102, et se¡.